## STEPHEN H. AUSTIN *v.* CHAUNCEY WHEELER.

If labor have been performed, and the time stipulated for payment have elapsed, the price may be recovered in an action on book account, notwithstanding the labor was performed under a contract special as to the manner of performance and the time and manner of payment.

If such contract were for erecting a building, and the defendant have acquiesced in the manner of the performance, by taking possession of the building without any objection made at the time, he will be bound by such acquiescence, and will be holden to pay the price stipulated.

The acts of the parties are important to be considered in determining the construction of contracts, both in regard to the extent of their obligation, and as to what amounts to performance of the stipulations. REDFIELD, J.

BOOK ACCOUNT. The plaintiff's account consisted of but one charge, allowed by the auditor at $30, for framing and finishing a barn ; in reference to which the auditor reported that the work was

done under a special contract between the parties as to the manner of doing the work, and the time and manner of payment, and that the plaintiff had performed the work, and the defendant had paid him therefor all but the sum of three dollars.

The auditor found that some portions of the work were not performed in the manner stipulated, and that the whole was not finished by the time limited by the contract, and that it would require a larger sum than $3,00 to complete the work as required by the contract;—but that the defendant was at the barn nearly every day, and made no objection to any part of the work thereon, while it was building, and that he never made any complaint until after the payments credited had been made by him. From these circumstances the auditor found "that the work had been done to the satisfaction of the defendant."

The County Court rendered judgment for the plaintiff on the report, and the defendant excepted.

· *C. Adams* for defendant.

We insist that the contract between the parties was executory, and that it comes within the principle laid down in *Smith* v. *Smith*, 14 Vt. 440. The contract was obligatory upon both, and each might have sued for a breach of it, and we insist that the only remedy either has is for such damages. If the plaintiff had brought an action of assumpsit, he would have been required to have shown that he had completed the barn according to the contract; but the case shows that it is not even now completed, and that it will require a sum beyond the balance found against the defendant to complete it.

*Allen & Platt* for plaintiff.

1. The action on book, in this case, was the proper remedy, notwithstanding there was a particular agreement as to the price of the services and manner of payment. *Blish et al.* v. *Granger*, 6 Vt. 340. *Way* v. *Wakefield*, 7 Vt. 223. *Paige* v. *Ripley*, 12 Vt. 289.

2. It appears by the report, that, at the time this suit was commenced, the work contracted to be performed on the part of the plaintiff had been completed. What the terms of the contract were

Austin *v.* Wheeler.

was matter of fact, to be found by the auditor.  *Macks* v. *Brush*, 5 Vt. 70.  *Wood* v. *Barney*, 2 Vt. 369.  This he has done, and concluded his report by saying that he finds "the work had been done to the satisfaction of the defendant."  This being true, the ground insisted on by the defendant, that the work was not performed in a workmanlike manner, can be of no avail.

The opinion of the Court was delivered by

REDFIELD, J.  This is an action of book account to recover a balance claimed to be due for framing and finishing a barn, at a price stipulated, and to be paid for in a particular mode.  We do not think the nature of this contract will preclude a recovery in this form of action, if the labor has been performed, and there is a part of the stipulated price unpaid.  The auditor finds there is $3 of the price unpaid, and that the contract was so far performed, that the defendant acquiesced in it, as a full performance under the contract, although it was not performed strictly according to the terms stipulated,—and that the deficiency is in fact more than $3 ; but it is in the mode, and not the extent, of performance.

But this court always hold the parties to their own construction of their contracts,—as evidenced by their acts at the time of performance.  They make their own conditions, they best know how they understood the terms used,—and to say that, in a case like the present, after acceptance of the thing without objection at the time, and long acquiescence, until a controversy arises about the pay, the parties can then be thrown back to contest the matter *de novo,* is quite at variance with the long settled principles of the law of contracts.  If one sees work going on from day to day before his eyes without objection, and finally accepts the thing by silent acquiescence, he must be bound by it.  To establish a contrary rule would be to invite interminable litigation.

Judgment affirmed.